Docusign Envelope ID: 16CDD9B6-85E5-4346-87DE-CADCB4BE0656

1  Doug Tilley, Esq. (SBN: 214323)
    tilley@braunhagey.com
2  Chelsea Tirgardoon (SBN: 340119)
    tigardoon@braunhagey.com
3  BRAUNHAGEY & BORDEN LLP
   747 Front Street, 4th Floor
4  San Francisco, CA 94111
   Telephone: (415) 599-0210
5  Facsimile: (415) 276-1808

6  Tabitha Cohen, Esq., (*pro hac vice* forthcoming)
    cohen@braunhagey.com
7  BRAUNHAGEY & BORDEN LLP
   118 W. 22nd Street, 12th Floor
8  New York, NY 10011
   Telephone: (646) 829-9403
9  Facsimile: (646) 403-4089

10 ATTORNEYS FOR PLAINTIFF
   INTUITIVE SURGICAL OPERATIONS, INC.
11
                    **UNITED STATES DISTRICT COURT**
12
                    **NORTHERN DISTRICT OF CALIFORNIA**
13

14

15  | |
16  | INTUITIVE SURGICAL OPERATIONS, INC.,
17  |         Plaintiff,
18  |     v.
19  | JONATHAN LAM, AND DOES 1-10,
20  |         Defendant.

Case No.  3:24-cv-7427

**DECLARATION OF LAURIE GARCIA IN SUPPORT OF PLAINTIFF INTUITIVE SURGICAL OPERATIONS, INC. 'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY**

21

22

23

24

25

26

27

28

Case No._____
DECLARATION OF LAURIE GARCIA IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR A
TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY

Docusign Envelope ID: 16CDD9B6-85E5-4346-87DE-CADCB4BE0656

I, Laurie Garcia, declare:

1. I, Laurie Garcia, am employed by Plaintiff Intuitive Surgical Operations, Inc. ("Intuitive"), as its Employee Relations Manager. I submit this Declaration in support of Intuitive's Motion for a Temporary Restraining Order. The facts set forth in this Declaration are based on my own personal knowledge, following a reasonable and diligent inquiry. I could and would testify competently to such facts if called upon to do so.

2. I have served as Intuitive's Employee Relations Manager since January 2023. As relevant here, my duties include employee relations coaching, employee performance management, supporting employment-related investigations, and communicating appropriate disciplinary or other corrective actions in the event employees transgress legal obligations and/or company policies.

3. Intuitive implements an array of measures to safeguard its confidential information and protect the same from unauthorized use or disclosure. Such measures include, but are not limited to, imposing appropriate contractual and other restraints on employees and other company personnel. For example, as a condition of employment, Intuitive requires all employees to sign contracts through which they commit to always protect, and to never disclose or misuse except as explicitly authorized, Intuitive's trade secrets and confidential information—even after their employment ends.

4. In addition, Intuitive educates its workforce on the importance of safeguarding the company's intellectual property. For example, Intuitive provides its personnel with formal written policies on this and related topics, which employees are required to review, acknowledge, and adhere to.

5. Intuitive also mandates that employees complete intellectual property protections trainings during onboarding and periodically thereafter. These trainings cover, among other topics, Intuitive's policies and guidelines governing acceptable access to and use of information technology assets, and proper storage, handling, and transfer of trade secret and confidential information internal and external to the company, including with customers and suppliers.

6. Defendant Jonathan Lam ("Defendant") joined Intuitive in January 2019 as a Classification Program Manager. He was later promoted to Senior Manager of Global Trade Compliance.

7. Attached hereto as **Exhibit 1** is a true and correct copy of the "Proprietary Rights Agreement" between Intuitive and Defendant, dated January 13, 2019.[1]  Defendant signed this contract as a condition of his employment. Intuitive would not have employed Defendant had he refused to do so.

8. As a further condition of his employment, Defendant was required to review and agree to several company policies. The policies Defendant received and acknowledged include those entitled "Acceptable Use of IS [Intuitive Surgical] Resources Policy[,]" "IS Security Incident Response[,]" and "Strategic Business Process, [Intuitive Surgical] Access Control Policy."

9. Defendant was also required to complete mandatory trainings, including sessions on how to recognize and protect Intuitive's trade secrets and other confidential information at his onboarding and periodically thereafter. The trainings Defendant Lam completed include those entitled "Confidential Information Training[,]" "Non-Disclosure Agreement (NDA) Module[,]" "Spear Phishing Attacks[,]" "Malicious Insider Threat[,]" "IT Security Essentials for Management and above[,]" "Security Essentials – Executive[,]" and "IT Security Advanced Phish Finder: Spotting Warning Signs."

10. In or around September 2024, Intuitive determined to eliminate Defendant's position. Defendant was notified of Intuitive's decision via videoconference at approximately 3:30 p.m. pacific on September 10, 2024. Intuitive advised Defendant that his employment would continue through November 11, 2024 so that Defendant could hand off his work to others.

11. At approximately 4:00 p.m. pacific on September 10, 2024, Intuitive sent Defendant a written "Notice of Separation" confirming the company's decision and providing Defendant with certain instructions and information. Attached hereto as **Exhibit 2** is a true and correct copy of

---

[1] Defendant's street address has been redacted to protect privacy.

Intuitive's written "Notice of Separation" to Defendant and the Employee Exit Checklist attached thereto.[2]

12. On October 8, 2024, I was informed by Defendant's direct manager, Kornkanok Phutrakul, that Defendant had transmitted a substantial volume of Intuitive confidential information to his personal Gmail account the day before (October 7). That same afternoon, I told Defendant that he would be placed on leave, effective immediately, in light of his transmission of Intuitive confidential materials to his personal Gmail account.

13. In response, Defendant stated that he was only backing up "personal" documents. I asked Defendant why he sent himself documents specifically marked as confidential to Intuitive. Defendant responded that "I already shared and I have nothing further to say."

14. Intuitive terminated Defendant's employment for cause on October 11, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 24, 2024

Signed by:
*Laurie Garcia*
0AFBF63C23854EC...

Laurie Garcia

---

[2] The details of Defendant's proposed severance package and transition support services, as well as Intuitive's FedEx account number, have been redacted to protect confidentiality and privacy.