Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
Robert J. King (Bar No. 302545)
robert@kingsiegel.com
**KING & SIEGEL LLP**
601 University Ave., Suite 275
Sacramento, CA 95825
tel: (213) 465-4802
fax: (213) 465-4803

Attorneys for Defendant
Jonathan Lam

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INTUITIVE SURGICAL OPERATIONS, INC.**, <br><br> Plaintiff, <br> vs. <br><br> **JONATHAN LAM**, <br><br> Defendant. | Case No. 3:24-cv-7427 <br><br> Case Assigned to: <br> Hon. James Donato <br><br> **ANSWER TO COMPLAINT** |

# ANSWER

Defendant Jon Lam hereby answers the Complaint of Intuitive Surgical Operations, Inc., and admits, denies, and alleges as follows:

1. To the extent paragraph 1 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2. To the extent paragraph 2 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 2 and on that basis denies.

3. To the extent paragraph 3 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 3 and on that basis denies.

4. To the extent paragraph 4 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant admits that he worked for Intuitive in the company's supple chain logistics and compliance organization. To the extent not admitted in this response Defendant denies the allegations in paragraph 4.

5. To the extent paragraph 5 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant admits that he was informed on September 10, 2024, that he was being terminated and that he sent emails from his Intuitive email account to his personal account.

6. To the extent paragraph 6 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 6 and on that basis denies.

7. To the extent paragraph 7 contains a legal conclusion or legal conclusions, Defendant need not respond. Defendant admits that Intuitive cut off his access to the company's systems. Other than as admitted, Defendant denies the allegations in paragraph 7.

8. Defendant admits the allegations of paragraph 8.

9. To the extent paragraph 9 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 9 and on that basis denies.

10. Paragraph 10 contains a legal conclusion or legal conclusions so Defendant need not respond.

11. Paragraph 11 contains a legal conclusion or legal conclusions so Defendant need not respond.

12. Defendant admits the allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13.

14. Paragraph 14 contains a legal conclusion or legal conclusions so Defendant need not respond.

15. To the extent paragraph 15 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 15 and on that basis denies.

16. To the extent paragraph 16 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 16 and on that basis denies.

17. To the extent paragraph 17 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 17 and on that basis denies.

18. To the extent paragraph 18 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 18 and on that basis denies.

19. To the extent paragraph 19 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 19 and on that basis denies.

20. To the extent paragraph 20 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 20 and on that basis denies.

21. To the extent paragraph 21 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 21 and on that basis denies.

22. To the extent paragraph 22 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 22 and on that basis denies.

23. To the extent paragraph 23 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 23 and on that basis denies.

24. To the extent paragraph 24 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 24 and on that basis denies.

25. Defendant admits the allegations in paragraph 25.

26. To the extent paragraph 26 contains a legal conclusion or legal conclusions, Defendant need not respond. Defendant admits that the agreement contains the quoted language.

27. To the extent paragraph 27 contains a legal conclusion or legal conclusions, Defendant need not respond. Defendant admits that the agreement contains the quoted language.

28. To the extent paragraph 28 contains a legal conclusion or legal conclusions, Defendant need not respond. Defendant admits that the agreement contains the quoted language.

29. To the extent paragraph 29 contains a legal conclusion or legal conclusions, Defendant need not respond. Defendant admits that the agreement contains the quoted language.

30. To the extent paragraph 30 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 30 and on that basis denies.

31. To the extent paragraph 31 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 31 and on that basis denies.

32. To the extent paragraph 32 contains a legal conclusion or legal conclusions, Defendant need not respond. Defendant admits that he had access to various Intuitive materials but does not admit that the materials constitute trade secrets or confidential materials.

[Unnumbered Paragraph] Defendant admits that he was told that he was being terminated on September 10, 2024 and that he was provided with a Notice of Separation. Defendant admits that the Notice of Separation contains the quoted language.

33. Defendant admits that the Notice of Separation contains the quoted language.

34. To the extent paragraph 34 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 34.

35. To the extent paragraph 35 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant admits he sent data from his Intuitive email to his personal Gmail account.

36. To the extent paragraph 36 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 36 and on that basis denies.

37. To the extent paragraph 37 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant lacks knowledge of the facts alleged in paragraph 37 and on that basis denies.

38. To the extent paragraph 38 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 38.

39. To the extent paragraph 39 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant admits that Intuitive's Lawyers threatened him on October 9.

40. To the extent paragraph 40 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant admits that he told Intuitive's lawyers that he wished to respond through counsel. Defendant further admits that he told Intuitive that he would not share any information except with counsel. Except as expressly admitted, Defendant denies the facts alleged in paragraph 40, including because he lacks knowledge of the facts alleged in paragraph 40.

41. To the extent paragraph 41 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant denies the allegations in paragraph 41.

42. To the extent paragraph 42 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent a response is required, Defendant denies the allegations in paragraph 42.

43. Defendant incorporates his response to the prior paragraphs.

44. To the extent paragraph 44 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 44, including because he lacks knowledge of the facts alleged in paragraph 44.

45. To the extent paragraph 45 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 45, including because he lacks knowledge of the facts alleged in paragraph 45.

46. To the extent paragraph 46 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 46, including because he lacks knowledge of the facts alleged in paragraph 46.

47. To the extent paragraph 47 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 47, including because he lacks knowledge of the facts alleged in paragraph 47.

48. To the extent paragraph 48 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 48, including because he lacks knowledge of the facts alleged in paragraph 48.

49. To the extent paragraph 49 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies

the facts alleged in paragraph 49, including because he lacks knowledge of the facts alleged in paragraph 49.

50. To the extent paragraph 50 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 50, including because he lacks knowledge of the facts alleged in paragraph 50.

51. To the extent paragraph 51 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 51, including because he lacks knowledge of the facts alleged in paragraph 51.

52. Defendant incorporates his responses to the prior paragraphs.

53. Paragraph 50 contains a legal conclusion or legal conclusions, Defendant need not respond

54. To the extent paragraph 54 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 54, including because he lacks knowledge of the facts alleged in paragraph 54.

55. To the extent paragraph 55 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 55, including because he lacks knowledge of the facts alleged in paragraph 55.

56. To the extent paragraph 56 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 56, including because he lacks knowledge of the facts alleged in paragraph 56.

57. To the extent paragraph 57 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 57, including because he lacks knowledge of the facts alleged in paragraph 57.

58. To the extent paragraph 58 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 58, including because he lacks knowledge of the facts alleged in paragraph 58.

59. Defendant incorporates his responses to the prior paragraphs.

60. Paragraph 60 contains a legal conclusion or legal conclusions, Defendant need not respond

61. To the extent paragraph 61 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 61, including because he lacks knowledge of the facts alleged in paragraph 61.

62. To the extent paragraph 62 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies

the facts alleged in paragraph 62, including because he lacks knowledge of the facts alleged in paragraph 62.

63. To the extent paragraph 63 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 63, including because he lacks knowledge of the facts alleged in paragraph 63.

64. To the extent paragraph 64 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 64, including because he lacks knowledge of the facts alleged in paragraph 64.

65. To the extent paragraph 65 contains a legal conclusion or legal conclusions, Defendant need not respond. To the extent that a response is required, Defendant denies the facts alleged in paragraph 65, including because he lacks knowledge of the facts alleged in paragraph 65.

**Response to Prayer for Relief**

Defendant denies that Plaintiff is entitled to relief on any of its purported causes of action as set forth in the Complaint.

**Affirmative Defenses**

Defendant Lam alleges the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Against All Causes of Action)**

Defendant alleges that the Complaint and each cause of Action therein fails to state facts sufficient to constitute a cause of action or set forth a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Defendant alleges that the Cross Complaint is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Defendant alleges that the Cross Complaint is barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Defendant alleges that the Cross Complaint is barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Defendant alleges that the Cross Complaint is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (All Defendants Against All Causes of Action)

Defendant alleges that the Cross Complaint and each cause of action set forth therein is barred by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Defendant alleges that Defendant and Cross-Complainant's claims for damages are barred by the doctrine of avoidable consequences.

## EIGHTH AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Defendant alleges that the Cross Complaint fails to state facts sufficient to state a claim for punitive and/or exemplary damages.

## NINTH AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution or prudence and that the alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct and therefore, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's contributory or comparative negligence and/or intentional conduct.

## TENTH AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Defendant alleges that Plaintiff failed to take reasonable affirmative action to mitigate its damages as they are alleged in the Complaint and, therefore, are barred from any recovery against Defendant to the extent Plaintiff has failed to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Defendant alleges that Plaintiff is not entitled to recover punitive or exemplary damages on the grounds that any award of punitive or exemplary damages under California law in general, and/or as applied to the facts of this specific action, violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages and/or penalties are vague, ambiguous, unreasonable, uncertain, and/or speculative in nature.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Against All Causes of Action)

Plaintiff lacks standing to assert its causes of action and/or seek the form of recovery sought in the Cross Complaint because Plaintiff has not suffered any injury-in-fact.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Against All Causes of Action)

Defendant alleges that some or all of Plaintiff's claims are barred by the doctrine of Equitable Estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Against All Causes of Action)

Defendant alleges that with respect to the Complaint and each cause of action alleged therein, any damages incurred by Plaintiff were directly and proximately caused and contributed to by the acts, conduct and/or omissions of third parties and/or entities.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Against All Causes of Action)

Defendant alleges that some or all of Plaintiff's claims are barred by the litigation privilege embodied in California Civil Code Section 47(b).

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Against All Causes of Action)

Defendant alleges that some or all of Plaintiff's trademark claims are barred by the doctrine of fair use.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Against All Causes of Action)

Defendant alleges that some or all of Plaintiff's claims for damages are barred because any information that he retained was related to her whistleblowing activity.

### RESERVATION OF ADDITIONAL DEFENSES

Defendant alleges that because Plaintiff's Complaint is couched in conclusory terms, all affirmative defenses that may be applicable cannot be fully anticipated at this time. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved. Additionally, Defendant reserves the right

to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant hereby demands a jury trial on all issues triable as of right to a jury.

Dated: January 30, 2025

Respectfully submitted,

**KING & SIEGEL LLP**

By: *Robert King*
ROBERT JOHNSTON KING
JULIAN BURNS KING
Attorneys for Defendant